DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2017-7 |
| | ) | |
| TERMINIX INTERNATIONAL COMPANY | ) | |
| LIMITED PARTNERSHIP and TERMINIX | ) | |
| INTERNATIONAL USVI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**Kim L. Chisholm, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
**Howard P. Stewart, Esq.**
U.S. Department of Justice, Environmental Crimes Section
Washington, DC
    *For the United States of America,*


**Kevin A. Rames, Esq.**
Law Offices of Kevin A. Rames, P.C.
St. Croix, U.S.V.I.
**Timothy K. Webster, Esq.**
Sidley Austin LLP
Washington, DC
**Thomas L. Campbell, Esq.**
ServiceMaster Global Holdings, Inc.
Memphis, TN
    *For Terminix International Company Limited Partnership and*
    *Terminix International USVI, LLC.*

**ORDER**

**GÓMEZ, J.**

On January 20, 2017, the United States filed a four count Information charging Terminix International Company Limited Partnership and Terminix International USVI, LLC (collectively, "Terminix") with violating the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), Title 7, United States Code §§ 136-136y. The Information charges that: (1) Terminix used pesticides containing methyl bromide to fumigate residential homes throughout the United States Virgin Islands; (2) methyl bromide is an "acutely toxic" pesticide, ECF No. 1 at ¶ 6; and (3) "methyl bromide inhalation may be fatal or cause acute illness or delayed lung or nervous system injury," *id.*

On March 23, 2017, Terminix pled guilty to all four counts of the Information. On November 20, 2017, the Court sentenced Terminix. At the sentencing hearing, the Court asked the United States if it had prepared a restitution report as required by the presiding judge's general order, *In re: Victim Restitution in Criminal Cases*, Misc. No. 2016-24. The following exchange then occurred between the Court and council for the United States:

> THE COURT: Okay. *Did the Virgin Islands Department of Planning and Natural Resources or VI Government*

> *incur any expenses for which restitution would be appropriate*?
>
> MR. STEWART: To our knowledge there were none. That inquiry was made as the Court knows, this case has been in front of the Court at least twice and requests that were made during our first investigation of the incident, there were no funds for restitution suggested or requested by the local DPNR.
>
> THE COURT: Okay. *So the inquiry was made to the Virgin Islands Government and the Virgin Islands Government said they incurred no expenses for which restitution would be appropriate*, is that correct?
>
> MR. STEWART: *That is correct*.

Nov. 20, 2017, Sentencing Hr'g Tr., ECF No. 39 at 11:10-22 (emphasis added).

On December 21, 2017, the Attorney General of the United States Virgin Islands, Claude Earl Walker ("Walker"), delivered a copy of a letter to the Court. The letter, which was dated December 21, 2017, was sent from Walker to counsel for the United States. Walker's letter indicated that the Government of the Virgin Islands had incurred a number of "costs and harms" as a result of Terminix's criminal conduct. *See* ECF No. 41 at 2-3. Walker's letter further stated:

> As you know, we are not aware of any previous requests by you to our Office or DPNR about restitution to GVI and DPNR. While we wanted you and the Court to know we expended time and resources investigating Terminix's conduct, we have decided to forego a request for restitution in the criminal matter, though we would note that, among other significant investigation and response efforts, DPNR undertook a joint investigation with

>      the EPA, and the EPA claimed over a $1 million for
>      its expenses. To date, we have not seen the
>      substantiation for the EPA's expenses; you refused
>      to provide it to us, and it appears you did not
>      file with the Court per General Order 2016-24.

*Id.* at 3.

The premises considered, it is hereby

**ORDERED** that Magistrate Judge Ruth Miller shall develop the record, through such hearings and briefs as are necessary, to determine whether any parties' obligation of candor to the Court is implicated in the representations outlined above.

S\_____

**Curtis V. Gómez
District Judge**